2002 OK JUD ETH 11

## JUDICIAL ETHICS OPINION 2002–11.

### No. 2002–11.

Oklahoma Judicial Ethics Advisory Panel.

Aug. 22, 2002.

2002 OK JUD ETH 9

## JUDICIAL ETHICS OPINION 2002–9.

### No. 2002–9.

Oklahoma Judicial Ethics Advisory Panel.

Aug. 22, 2002.

**QUESTION:** Does 20 O.S. § 1404(3) allow a judicial officer, or candidate for judicial office to purchase tickets for a political party annual dinner for the purpose of campaigning on his/her behalf without violating Canon 5(A)(1)(d)?

**WE ANSWER:** YES, with certain restrictions

20 O.S. § 1404 deals with grounds for removal of a judicial officer by the Court on the Judiciary. 20 O.S. § 1404(3) reads: "Participation by a judicial officer, while serving as such officer or while a candidate for judicial office, in any partisan political activity. But the term 'partisan political activity' as used herein, shall not include the attendance by judicial officer or by a candidate for a judicial office at a political gathering, upon payment of a nominal admission fee, for the sole purpose of campaigning in his own behalf for a judicial office."

**Canon 5(A)(1)(d):** "A Judge or Judicial Candidate Should Refrain From Inappropriate Political Activity

  A. All Judges and Candidates.

  (1) Except as authorized herein a judge or a candidate for election or appointment to judicial office should not . . .

    (d) solicit funds for, or pay an assessment to or make a contribution to a

political organization or candidate, or purchase tickets for political dinners or other functions."

## DISCUSSION:

It is not within the mandate of the Judicial Ethics Advisory Panel to interpret the statutes of the State of Oklahoma, that function being vested in the Courts of our state. However, in questions such as this, when it may appear that there is a possible conflict between a statute and a canon of the Code of Judicial Conduct, it is necessary in order to be helpful to the party posing the question, to make reference to both and examine them side by side. It would appear that the statute is designed to permit a candidate for judicial office to attend a partisan political function and to pay for the same to the extent that the ticket purchased is for the purpose of defraying the cost of the event, but from which the sponsoring organization would not derive additional revenue with which to advance it's political agenda.

The canon could be read to absolutely prohibit the purchase of a ticket for political party dinners or other functions. However, taken within the context of the entire canon, and reading the pertinent language of the canon in *pari materia* with the cited statute, we conclude that so long as the cost of the ticket covers only the reasonable cost of the event apportioned on an individual basis to the judicial candidate and would not enlarge the coffers of the political party to advance its agenda, that such participation is acceptable under the canon.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary